STROUD, Judge.
Keeandus Rashad Barnes ("defendant") appeals from judgments entered upon jury verdicts finding him guilty of two counts of attempted first-degree murder, among other offenses. Defendant contends that the trial court erred in denying his motion to dismiss as to those offenses. We find no error.
I. Background
Around 2:30 p.m. on 25 July 2012, Ms. Anderson and her son's girlfriend, Ms. Young, visited Ms. Lewis at her house in Rocky Mount .[1] After a few hours, Ms. Anderson told Ms. Young to go outside and start up Ms. Anderson's truck, which was parked in the driveway, because Ms. Anderson planned for them to leave soon. But Ms. Anderson and Ms. Lewis kept on talking for another thirty minutes. Ms. Anderson and Ms. Lewis then walked outside to Ms. Anderson's truck, still talking. While they continued talking, Ms. Anderson sat in the driver's seat of her truck with the door open and her feet hanging out of the truck. Ms. Anderson faced the road in front of Ms. Lewis's house and Ms. Lewis faced away from the road. Ms. Young was sitting in the passenger's seat of the truck listening to the radio on her cell phone. After thirty more minutes, Mr. Lewis, Ms. Lewis's son, came out of the house. He joined the conversation and, like his mother, faced away from the road toward Ms. Anderson.
Around 7:30 p.m., while it was still daylight, defendant drove an Expedition slowly on the road in front of Ms. Lewis's house. Ms. Anderson recognized defendant and pulled her feet into the truck to drive away, because she thought that defendant might pull into Ms. Lewis's driveway and block her from the road. But then Ms. Anderson saw a gun come out of defendant's window, and she yelled a warning to the others. Mr. Lewis picked up Ms. Lewis and carried her to the back of the house. Ms. Anderson jumped on top of Ms. Young and pushed her to the floor of the truck. Several bullets hit Ms. Anderson's truck. Defendant then drove the Expedition away.
On or about 3 December 2012, a grand jury indicted defendant for four counts of attempted first-degree murder, discharging a firearm into occupied property, and discharging a firearm within city limits. SeeN.C. Gen.Stat. §§ 14-17, -34.1(a), 160A79 (2011). On or about 1 April 2013, a grand jury indicted defendant for intimidating a witness. See id.§ 14-226 (2011). At trial, the State proffered a recorded telephone conversation in which defendant claims he did not see Ms. Anderson or Ms. Young during the drive-by shooting. Defendant moved to dismiss at the conclusion of all the evidence, and the trial court denied the motion. On or about 14 February 2014, the State dismissed the offense of discharging a firearm within city limits. On or about 14 February 2014, a jury convicted defendant of the remaining offenses. The trial court sentenced defendant to 180 to 228 months' imprisonment for each attempted first-degree murder conviction, 29 to 47 months' imprisonment for discharging a firearm into occupied property, and 14 to 26 months' imprisonment for intimidating a witness. The trial court ordered that defendant serve all six sentences consecutively. Defendant gave notice of appeal in open court.
II. Motion to Dismiss
Defendant solely contends that the trial court erred in denying his motion to dismiss the charges of attempted first-degree murder as to Ms. Anderson and Ms. Young.
A. Standard of Review
This Court reviews the trial court's denial of a motion to dismiss de novo. State v. Smith,186 N.C.App. 57, 62, 650 S.E.2d 29, 33 (2007). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." State v. Fritsch,351 N.C. 373, 378, 526 S.E.2d 451, 455, cert. denied,531 U.S. 890, 148 L.Ed.2d 150 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith,300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." State v. Rose,339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), cert. denied,515 U.S. 1135, 132 L.Ed.2d 818 (1995). "Moreover, circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." State v. Mann,355 N.C. 294, 301, 560 S.E.2d 776, 781 (quotation marks and brackets omitted), cert. denied,537 U.S. 1005, 154 L.Ed.2d 403 (2002).
B. Analysis
"The elements of attempted first-degree murder are: (1) a specific intent to kill another; (2) an overt act calculated to carry out that intent, which goes beyond mere preparation; (3) malice, premeditation, and deliberation accompanying the act; and (4) failure to complete the intended killing." State v. Tirado,358 N.C. 551, 579, 599 S.E.2d 515, 534 (2004) (citing N.C. Gen.Stat. § 14-17 ), cert. denied, Queen v. North Carolina,544 U.S. 909, 161 L.Ed.2d 285 (2005).
Defendant specifically contends that insufficient evidence supports his attempted first-degree murder convictions as to Ms. Anderson and Ms. Young, because he did not see Ms. Anderson or Ms. Young during the drive-by shooting and his intended target was Mr. Lewis. Relying on State v. Williams,defendant asserts that the State is bound by his statement in the recorded telephone conversation that he saw neither Ms. Anderson nor Ms. Young, because the State introduced that exculpatory statement. 308 N.C. 47, 66, 301 S.E.2d 335, 347, cert. denied,464 U.S. 865, 78 L.Ed.2d 177 (1983). But in Williams,the North Carolina Supreme Court further held:
The introduction by the State of a confession of the defendant which includes such exculpatory statements, however, does not prevent the State from showing facts which contradict the exculpatory statements. The State is not bound by the exculpatory portions of a confession which it introduces if it introduces other evidence tending to contradict or rebut the exculpatory statements of the defendant contained in the confession.
Id.,301 S.E.2d at 347.
Here, the State "introduce[d] other evidence tending to contradict or rebut" defendant's statement when it called Ms. Anderson as one of its witnesses. See id.,301 S.E.2d at 347. Ms. Anderson testified that the drive-by shooting took place in the daytime and that she had no problem seeing. She also testified that, when defendant arrived, she was facing the road and her driver's side door was open. She further testified that several bullets hit her truck, while she and Ms. Young were inside it. In addition, based upon defendant's own statement, he had no difficulty seeing Mr. Lewis, his intended target, and Ms. Lewis while they were standing within a few feet of Ms. Anderson and Ms. Young. There is no evidence of any barrier or other condition which would block defendant from seeing Ms. Anderson and Ms. Young just as well as he saw Mr. Lewis and Ms. Lewis. In the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor, we hold that substantial evidence supports the jury's inference that defendant saw Ms. Anderson and Ms. Young and attempted to kill them. See Rose,339 N.C. at 192, 451 S.E.2d at 223. Accordingly, we hold that the trial court did not err in denying defendant's motion to dismiss.
III. Conclusion
For the foregoing reasons, we hold that the trial court did not err in denying defendant's motion to dismiss.
NO ERROR.
Judges BRYANT and HUNTER, JR., concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgments entered on or about 14 February 2014 by Judge Milton F. Fitch, Jr. in Superior Court, Nash County. Heard in the Court of Appeals 20 January 2015.

Names have been changed to protect the identity of the victims.